IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALFONSO PARRA and MARIA PARRA §<br>Plaintiffs §<br>§<br>§<br>vs. §<br>§<br>ROY LESTER DOUGLAS, ALL WAYS §<br>TRANSPORT, INC. AND §<br>INTERSTATE EXPRESS, INC. §<br>Defendants § | Case Number: _____ |

_____

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Alfonso Parra and Maria Parra, by and through their attorneys, file this Complaint complaining of and about Roy Lester Douglas, Interstate Express, Inc. and All Ways Transport, Inc., hereinafter collectively called Defendants, and for cause of action shows unto the Court the following:

**I.**
**PARTIES**

2. Plaintiffs are citizens and residents of Texas who reside at 1512 Cairn Circle, Fort Worth, Texas 76134.

3. Defendant Roy Lester Douglas ("Douglas") is an individual citizen and resident of California who resides at 3532 38th Street Sacramento, CA 95817, where he may be served with process.

4. Defendant Interstate Express, Inc. ("Interstate") is a California corporation. Its principal places of business are 4632 Woodhawk Way Antelope, CA 95843 and 860 National Drive, Suite 170, Sacramento, California 95834, where it may be served with process. Accordingly, for jurisdictional purposes, Interstate is considered a citizen of the state of California.

5. All Ways Transport, Inc. ("All Ways") is a California corporation. Its principal place of business is 1025 Joellis Way Sacramento, CA 95815 and 860 National Drive, Suite 170, Sacramento,

California 95834 where it may be served with process. Accordingly, for jurisdictional purposes, All Ways is considered a citizen of the state of California.

## II.
## JURISDICTION AND VENUE

6. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a), because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs. Complete diversity of citizenship exists between the parties and the amount in controversy exceeds the minimum jurisdictional amount to invoke the jurisdiction of this Court.

7. Venue is proper in this United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas.

## III.
## CONDITIONS PRECEDENT

8. All conditions precedent have either been performed or have occurred.

## IV.
## FACTS

9. On February 2, 2016, Defendant Douglas severely injured Plaintiff Alfonso Parra by negligently failing to yield the right of way and directly pulling out into oncoming traffic. Defendants owned and controlled the Volvo tractor and Great Dane trailer driven and used in injuring the Plaintiffs. Defendant Douglas is liable for the injuries caused by him during the use of the Volvo tractor and Great Dane trailer. Plaintiff Alfonso Parra was travelling south on US Highway 81 when Defendant Douglas negligently pulled his tractor / trailer out in front of Plaintiff, violently striking Defendant Douglas' vehicle and to thereafter roll-over. Defendant Douglas failed to yield to oncoming traffic in pulling out onto the roadway.

10. Distracted and otherwise failing to stop, Defendant Douglas caused severe property damage, bodily injuries and damages to each of the Plaintiffs.

11. Defendant Douglas had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

12. Plaintiffs' injuries were proximately caused by Defendant Douglas' negligent, careless and reckless disregard of said duty.

13. Defendant Douglas' negligent, careless, and reckless disregard of his duty consisted of, but is not limited to, the following acts and/or omissions:

    A. Failing to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B. Failing to stop and/or yield at a driveway and intersection like a person of ordinary prudence would have done under similar circumstances;

    C. Allegedly using his cell phone while operating his tractor / trailer when a person of ordinary prudence would not have done so under the same or similar circumstances;

    D. Failing to turn the tractor / trailer in an effort to avoid the collision complained of;

    E. Failing to apply the brakes to his tractor / trailer in a timely and prudent manner and/or wholly failing to apply the brakes at a driveway and intersection in order to avoid the collision in question.

14. Defendant Douglas' conduct described herein constitutes an unexcused breach of duty owed to Plaintiffs. Defendant's unexcused breach of the duty proximately caused severe bodily injuries to the Plaintiffs.

## V.
### CLAIMS OF NEGLIGENCE - DOUGLAS

15. Defendant Douglas had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16. Plaintiffs' injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

17. Defendant's negligent, careless, and reckless disregard of his duty consisted of, but is not limited to, the following acts and omissions:

    A. Defendant failed to keep a proper lookout that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B. Defendant failed to stop or yield at a traffic control like a person of ordinary prudence would have done under similar circumstances;

    C. Defendant allegedly used his cell phone while operating his tractor / trailer when a person of ordinary prudence would not have done so under similar circumstances;

    D. Defendant failed to turn the tractor / trailer in an effort to avoid the collision complained of;

    F. Defendant failed to apply the brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply the brakes at a driveway and intersection in order to avoid the collision in question;

    G. Defendant was traveling at an excessive rate of speed;

    H. Defendant failed to maintain lane position;

    I. Defendant turned into oncoming traffic;

    J. Defendant turned into another lane of travel.

18. Defendant Douglas controlled and operated the Volvo tractor and Great Dane trailer used in injuring the Plaintiffs. Defendant Douglas is liable for the injuries caused during the use of the Volvo tractor and Great Dane trailer.

## V.
### CLAIMS OF NEGLIGENCE – INTERSTATE EXPRESS, INC. AND ALL WAYS TRANSPORT, INC.

19. Defendants Interstate Express, Inc. and All Ways Transport, Inc. are liable for the damages suffered by Plaintiffs at the hands of Defendant Douglas. Such Defendants each had a duty to exercise

ordinary care to be certain that Defendant Douglas could and would operate the Volvo tractor and Great Dane trailer reasonably and prudently.

20. Such Defendants negligent, careless, and reckless disregard of their duties proximately caused or contributed to the cause of the injuries to Plaintiffs.

21. Such Defendants are further liable for the acts and/or omissions of Defendant Douglas under negligent entrustment, negligent supervision or control, negligent training and/or instruction, vice-principal, *respondeat superior* and/or as an agent, employee and/or representative of said Defendants.

22. At all times material to the claims made herein, such Defendants are liable for the negligent acts of Defendant Douglas as their agent, employee and/or representative who was acting within the scope and course of employment or agency and furtherance of such Defendants operations and are therefore liable under the doctrine of *respondeat superior.*

## VI.
### DAMAGES

23. As a direct and proximate result of the occurrence made the basis of this lawsuit, both of the Plaintiffs were caused to suffer bodily injuries, and to incur the following damages:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;
    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
    C. Physical pain and suffering in the past, including scarring;
    D. Physical pain and suffering in the future, including scarring;
    E. Physical impairment in the past;
    E. Physical impairment, which in all reasonable probability, will be suffered in the future;
    F. Loss of earning capacity in the future
    G. Lost earnings and opportunity for income in the past
    H. Loss of household services in the past and in the future;
    I. Cost of medical monitoring and prevention in the future;
    J. Fear of future disease and illness due permanent foreign implants;
    K. Mental anguish in the past;
    H. Mental anguish in the future.

## VII.
## PUNITIVE DAMAGES

24. Defendant Douglas is alleged to have been using his cell phone at the time of the accident, which caused and/or contributed to causing him to fail to yield to the traffic, pulling out into oncoming traffic, and injuring the Plaintiffs. Such actions and/or omissions constituted gross negligence, under the circumstances in effect at the time. Plaintiffs will ask the Court and jury to determine whether exemplary damages should be assessed against this Defendant and if so, in what amount.

## IX.
## JURY DEMAND

25. Plaintiffs hereby demand a trial by jury.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,


By: */s/ Christopher G. Lyster*

   Christopher G. Lyster
   State Bar No. 12746250
   PULS HANEY PLLC
   301 Commerce Street, Suite 2900
   Fort Worth, Texas 76102
   Chris@pulshaney.com
   Tel:  817-338-1717
   Fax:  817-332-1333

        and

By: */s/ Todd M. Hurd*
   Todd M. Hurd
   SBN: 24025443
   TODD HURD & ASSOCIATES
   P.O. Box 1741
   Burleson, Texas 76097
   Tel: (817) 426-4529
   Fax: (817) 426-8159
   t.hurd@texasattorneylaw.com


**ATTORNEYS FOR PLAINTIFFS**