ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALFONSO PARRA, MARIA PARRA<br>Plaintiffs<br><br>vs.<br><br>ROY LESTER DOUGLAS, ALL WAYS<br>TRANSPORT, INC. AND<br>INTERSTATE EXPRESS, INC.<br>Defendants | Case Number: 4:18-CV-268-A |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Comes now, Plaintiffs Alfonso Parra and Maria Parra, who file this First Amended Complaint, in compliance with this Court's Order of April 23, 2018, requiring Plaintiffs to set forth with specificity the basis of Plaintiffs' assertion concerning the amount in controversy exceeding the sum of $75,000.00, hereby complaining of and about Roy Lester Douglas ("Douglas"), All Ways Transport, Inc. ("All Ways") and Interstate Express, Inc. ("Interstate"), hereinafter collectively called Defendants, and for cause of action shows unto the Court the following:

## I.
### PARTIES AND SERVICE

1. Plaintiffs are citizens and residents of Texas who reside at 1512 Cairn Circle, Fort Worth, Texas 76134.

2. Defendant Roy Lester Douglas ("Douglas") is an individual citizen and resident of California who, pursuant to the police accident report related to Plaintiffs' claims in this suit, resides at 3532 38th Street Sacramento, CA 95843, where multiple attempts have been made to serve him with process and further multiple attempts have been made by Plaintiffs have been made to locate Douglas so he may be served with process, all to no avail.

3. Defendant, Interstate Express, Inc. ("Interstate") is a California corporation, who, according to the USDOT Number 1725234 issued by the United States Department of Transportation to Interstate, has its physical address / principal place of business located at 4632 Woodhawk Way

Antelope, CA 95843, where multiple previous attempts have been made to serve it with process as well as other locations in California, to no avail. Accordingly, for jurisdictional purposes, Interstate is considered a citizen of the state of California.

4. All Ways Transport, Inc. ("All Ways") is a California corporation. According to the USDOT Number 2112116 issued by the United States Department of Transportation to All Ways, has its physical address / principal place of business is located at 1025 Joellis Way, Sacramento, CA 95834, where multiple previous attempts have been made to serve it with process as well as other locations in California, to no avail. Accordingly, for jurisdictional purposes, All Ways is considered a citizen of the state of California.

5. As referenced above, Plaintiffs have diligently attempted service of Defendants at the above addresses and other California addresses determined by California process servers to be likely valid addresses for service of process through running skip trace efforts for all Defendants, as set forth in the affidavits attached to Plaintiffs' Motion to Allow Service by Publication (Doc. 6), filed on February 15, 2018, while this case was pending in the Dallas Division of the Northern District of Texas under Case Number: 3:18-CV-171-L. Plaintiffs, through counsel, have also provided via email, a file marked copy of the original Complaint filed in this cause to Tabatha Tedford, with the third-party adjuster (Quantum Alliance) for the Qualitas Insurance Company, who was listed on the police accident report for All Ways and Interstate, and requested that same agree to Plaintiffs' request for a waiver of service under Fed. R. Civ. P. 4. *See* Appendix to Plaintiffs' First Amended Complaint at Tab A, APP0001 – APP0002. No response was received from Ms. Thedford. Accordingly, Plaintiffs would request that this Court grant Plaintiffs' Motion to allow Service by Publication at the Court's earliest convenience so that service by publication can take place and this case can move forward.

## II.
## JURISDICTION AND VENUE

6. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a), because the Plaintiffs and Defendants are citizens of different states from different states and the amount in controversy exceeds the value of $75,000.00, exclusive of interest and costs. Complete diversity of

citizenship exists between the parties. The amount in controversy, as further specified hereunder in their claim for property damages, personal injuries, past reasonable and necessary medical costs, future reasonable and necessary medical expenses, pain and suffering in the past, pain and suffering in the future, permanent injury, scarring and medical implants, all as further described herein, far exceeds the $75,000.00 minimum jurisdictional amount necessary to invoke the jurisdiction of this Court.

7. Venue is proper in this United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas.

## III.
## CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred.

## IV.
## FACTS

9. On February 2, 2016, Douglas, while working for Interstate and/or All Ways, severely injured Plaintiff Alfonso Parra by negligently failing to yield the right of way and directly pulling a big rig / tractor-trailer out into oncoming traffic and striking Alfonso Parra's vehicle, with sufficient force to cause his car to flip over, causing him severe and extreme injuries, destroying his vehicle and its contents. Interstate and All Ways owned and controlled the Volvo tractor and Great Dane trailer driven and used by Douglas in injuring the Plaintiffs. Douglas is liable for the injuries caused by him during the use of the Volvo tractor and Great Dane trailer owned by Interstate and All Ways.

10. Alfonso Parra was travelling south on US Highway 81 when Douglas negligently pulled the big rig / tractor-trailer he was driving out and into Plaintiff, violently striking Plaintiffs' vehicle causing it to roll-over. Douglas, while in the course and scope of his employment as a driver for Interstate and/or All Ways, failed to yield to oncoming traffic when he pulled out onto the roadway, striking Alfonso Parra's vehicle and causing Mr. Parra's vehicle to roll-over at high speed as a result of the

impact which caused severe personal injury and very nearly killing him. *See* Appendix to Plaintiffs' First Amended Complaint at Tab B – APP 0003 – APP 0004 for pictures of the remnants of Mr. Parra's vehicle after being hit by Douglas, demonstrating some of the extent and severity of the property damage caused by Defendants. The roof of Alfonso Parra's vehicle cab was completely crushed down to the seat level as the result of the impact and roll over and was a total loss, which resulted in additional damage to his personal property and tools, totaling in value more than $10,000.00.

11. Distracted and otherwise failing to stop, Douglas, while in the scope of his employment with Interstate and/or All Ways, caused severe property damage, and severe bodily injury to Alfonso Parra. Alfonso Parra suffered permanent bodily injuries, surgery and screw implants to repair his shoulder injury that occurred when he was struck by the truck owned / operated by Defendants. *See* Appendix to Plaintiffs' First Amended Complaint at Tab C – APP 0005 – APP 0007 for pictures reflecting some of Alfonso Parra's injuries. The severe bodily injuries suffered by Alfonso Parra, included a gash to the head with resulting stitches, concussion / closed head injury, and a shoulder separation/dislocation and tearing of the shoulder muscles and tendons, along with severe bruising, permanent disability, and scarring. Ultimately, Alfonso Parra required surgery and implant intervention consisting of arm bone screw implants and internal stitching of his shoulder muscles and tendons. Maria Parra suffered a loss of consortium and household services as a result of the injuries sustained by her husband Alfonso Parra that were caused by the negligent / grossly negligent actions of Defendants.

12. While in the course and scope of his employment with Interstate and/or All Ways, Douglas had a duty to exercise at least the same degree of care that a reasonably prudent driver of a big rig / tractor – trailer would have used in the same or similar circumstances to avoid harm to others, such as the harm suffered by Plaintiffs as alleged herein.

13. Plaintiffs' injuries were proximately caused by Douglas' negligent, careless and reckless disregard of said duty, while he was in the course and scope of employment or agency by Interstate and/or All Ways.

14. While in the course and scope of his employment or agency with Interstate and/or All Ways, Douglas' negligent, careless, and reckless disregard of his duty consisted of, but is not limited to, the following acts and/or omissions:

   A. Failing to keep a proper lookout for Alfonso Parras' vehicle and for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. Failing to properly stop and/or yield the right of way at a driveway and intersection like a person of ordinary prudence would have done under similar circumstances;

   C. Allegedly using his cell phone while operating his big rig / tractor – trailer at a time and under circumstances when a person of ordinary prudence would not have done so under similar circumstances;

   D. Failing to turn the big rig / tractor – trailer he was driving at the time in an effort to avoid the colliding with Alfonso Parra's vehicle; and

   E. Failing to timely and properly apply the brakes on his big rig / tractor – trailer in a timely and prudent manner and/or wholly failing to apply the brakes at a driveway and intersection in order to avoid the collision in question.

15. Douglas' conduct, while acting within the course and scope of his employment with Interstate and/or All Ways, as described herein constitutes an unexcused breach of duty owed to Plaintiffs. Defendants' unexcused breach of this duty proximately caused property damage and also severe bodily injuries to Alfonso Parra as well as loss of consortium and household services to Alfonsa Parra's wife, Maria Parra.

## V.
### CLAIMS OF NEGLIGENCE - DOUGLAS

16. Douglas had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

17. Plaintiffs' injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

18. Defendant's negligent, careless, and reckless disregard of his duties consisted of, but is not limited to, the following acts and omissions:

   A. Failure to keep a proper lookout that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. Failure to stop or yield at a traffic control like a person of ordinary prudence would have done under similar circumstances;

   C. Allegedly using his cell phone while operating a big rig / tractor – trailer when a person of ordinary prudence would not have done so under similar circumstances;

   D. Failure to turn the big rig / tractor – trailer in an effort to avoid the collision complained of;

   F. Failure to apply the brakes to the big rig / tractor – trailer in a timely and prudent manner and/or wholly failed to apply the brakes at a driveway and intersection in order to avoid the collision in question;

   G. Traveling at an excessive rate of speed;

   H. Failing to maintain lane position;

   I. Turning into oncoming traffic; and

   J. Turning into another lane of travel.

19. Douglas controlled and operated the Volvo tractor and Great Dane trailer by owned by Interstate and All Ways that injured Plaintiffs. Douglas is liable for the injuries caused during his use of the Volvo tractor and Great Dane trailer.

## V.
### CLAIMS OF NEGLIGENCE – INTERSTATE EXPRESS, INC. AND ALL WAYS TRANSPORT, INC.

20. Interstate and All Ways are also liable for the damages suffered by Plaintiffs at the hands of Douglas. Such Defendants each had a duty to exercise ordinary care to be certain that Douglas could and would operate the Volvo tractor and Great Dane trailer reasonably and prudently.

21. Such Defendants negligent, careless, and reckless disregard of their duties proximately caused or contributed to the cause of the injuries to Plaintiffs.

22. Such Defendants are further liable for the acts and/or omissions of Douglas under theories of negligent entrustment, negligent supervision or control, vice-principal, respondeat superior and/or as an agent, employee and/or representative of said Defendants.

23. At all times material to the claims made herein, such Defendants are liable for the negligent acts of Douglas as their agent, employee and/or representative who was acting within the scope and course of employment or agency and furtherance of such Defendants operations and are therefore also liable under *respondeat superior*.

## VI.
### DAMAGES

24. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs suffered bodily and physical damages, injuries and damages. The amount of pain and suffering alone, will exceed the minimum jurisdictional threshold necessary to invoke this court's jurisdiction. In addition, Alfonso Parra's liquidated medical damage amounts incurred to date will also continue to accrue additional sums of damage due to reasonably anticipated future medical expenses attributable to the injuries he sustained when Defendants caused the accident in question. Plaintiffs damages include the following:

    A. Reasonable medical care and expenses in the past for treatment of Alfonso Parra, including paid deductibles, totaling more than $30,458.00 paid and incurred medical billings, as exhibited by medical care provider billing affidavits and bills set forth at Tab D, APP 0008 – APP 0020 of the Appendix to Plaintiffs' First

    Amended Complaint. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries suffered by Alfonso Parra resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred by Alfonso Parra in the future, including expenses associated with monitoring the screws and implants to Plaintiff's shoulder. These future implant monitoring expenses are expected to exceed the sum of $22,000.00;

C. Physical pain and suffering in the past, including scarring of Alfonso Parra's head and shoulder;

D. Alfonso Parra's physical pain and suffering in the future,

E. Alfonso Parra's physical impairment in the past;

F. Alfonso Parra's permanent physical impairment, including prosthetic and foreign bodily implants (screws and sutures);

G. Alfonso Parra's physical impairment in the future;

H. Alfonso Parra's lost earnings and opportunity for income in the past totaling more than five total (5) months of income as well as lost benefits from off duty and/or reduced due to surgery and recovery totaling more than $28,000.00;

I. Alfonso Parra's lost earnings and opportunity for income in the future;

J. Plaintiffs' loss of household services in the past and in the future;

K. Alfonso Parra's cost of medical monitoring and prevention in the future;

L. Alfonso Parra's fear of future disease and illness due permanent foreign prosthetic/bodily implants and sutures;

M. Plaintiffs' mental anguish in the past; and

N. Plaintiffs' mental anguish in the future.

25. Thus, with only a portion of Plaintiffs' damages, namely just the liquidated damages to date, consisting of the property damages ($10,000.00), the past, paid and/or out of pocket medical expenses ($30,458.00), and the Plaintiffs' past lost earnings and benefits ($28,000.00), and the future medical monitoring expenses of ($22,000.00) resulting from this accident amount to $90,458.00 and

thus, the amount in controversy far exceeds the requirement that the amount in controversy in a case brought under diversity jurisdiction exceeds the sum of $75,000.00.

26. In addition, the multiple additional related categories of unliquidated damages to which Plaintiffs are entitled, include but are not limited to: physical pain and mental anguish in the past as well as in the future; physical impairment in the past as well in the future; damages due to Plaintiffs attributable to loss of consortium and household services; loss of earning capacity in the future anticipated future medical expense related to future treatment of the injuries suffered by Alfonso Parra; and the spousal loss damages (including loss of consortium and household services) will further establish that the amount in controversy greatly exceed amounts required by 28 U.S.C. Section 1332(a).

27. Moreover, the amounts and injuries claimed are subject to punitive damages as pled herein and such punitive damages are to be included in determining the amount in controversy, "'unless it is apparent to a legal certainty that such cannot be recovered.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

28. As a result of such allegations, Plaintiffs have met their burden to show by a preponderance of the evidence that the damages sought herein exceeds the jurisdictional threshold of an amount in controversy exceeding the sum of $75,000.00.

## VII.
## GROSS NEGLIGENCE / PUNITIVE DAMAGES

29. Douglas is alleged to have been using his cell phone at the time he hit Alfonso Parra with the big rig / tractor-trailer he was driving for Interstate and All Ways which further distracted him and led to and/or caused and/or contributed to causing him to fail to yield to the traffic, pulling out into oncoming traffic, and injuring Alfonso Parra. Such actions and/or omissions constituted gross negligence, under the circumstances in effect at the time, involved an extreme degree of risk, considering

the probability and magnitude of the potential harm to others and of which, Douglas had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Interstate and/or All Ways are also grossly negligent for the acts of Douglas and are liable for such acts by Douglas under the doctrine of Agency, Respondeat Superior, employer/employee and for also allowing Douglas to use his cell phone at such time and under such circumstances and/or failing to train and prevent Douglas from such conduct which involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which, Interstate and/or All Ways had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs will ask the Court and jury to determine whether exemplary damages should be assessed against Defendants and if so, in what amount.

## IX.
## JURY DEMAND

30.  Plaintiffs hereby demand a trial by jury.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendants for damages in excess of the minimal amount to invoke this Court's jurisdiction, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the maximum rate allowed by law, costs of court and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By: _____
Christopher G. Lyster
State Bar No. 12746250
PULS HANEY PLLC
301 Commerce Street, Suite 2900
Fort Worth, Texas 76102
Chris@pulshaney.com
Tel:   817-338-1717
Fax:   817-332-1333

Todd M. Hurd
State Bar No. 24025443
TODD HURD & ASSOCIATES
P.O. Box 1741
Burleson, Texas 76097
Tel: (817) 426-4529
Fax: (817) 426-8159
t.hurd@texasattorneylaw.com

ATTORNEYS FOR PLAINTIFFS