# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| ALFONSO PARRA et al., | § | |
| --- | --- | --- |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00268-P |
| | § | |
| ALL WAYS TRANSPORT INC. et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Interstate Express, Inc.'s ("Defendant") Motion for Partial Summary Judgement (ECF No. 68), Plaintiffs Alfonso Parra and Maria Parra's ("Plaintiffs") Response (ECF No. 79) and Defendant's Reply (ECF No. 86). Having considered the motion, related briefing, and applicable law, the Court finds that Defendant's Motion for Partial Summary Judgement should be and is hereby **DENIED.**

### I.   BACKGROUND

On February 2, 2016, Plaintiff Alfonso Parra ("Parra") was driving a vehicle traveling southbound on U.S. Highway 81 in Wise County, Texas. Pl.'s App. Ex. A, ECF No. 79 (Parra Affidavit). According to a crash report from Officer Adam Lawson of the Texas Department of Public Safety, Roy Lester Douglas ("Douglas"), a truck driver for Defendant, failed to yield the right of way as he drove eastbound across U.S Highway 81 in a tractor-trailer. Pl.'s App. Ex. A-1, ECF No. 79 ("Crash Report"). Parra testifies that he attempted to veer around Douglas's truck, but was unable to do so, which resulted in

Parra's vehicle colliding with the tractor-trailer. *See* Crash Report at 3. Parra's vehicle rolled off the road and came to rest on its side in a field. *Id.*

On January 23, 2018, Plaintiffs filed a lawsuit against All Ways Transport Inc., Roy Lester Douglas, and Interstate Express Inc. for injuries arising out of the February 2, 2016 collision. *See* ECF No. 1. The case was subsequently transferred to the Fort Worth Division of the Northern District of Texas. *See* ECF No. 8.

Plaintiffs voluntarily dismissed their claims against Douglas without prejudice. *See* ECF No. 59. On August 8, 2019, the case was transferred to the undersigned. *See* ECF No. 64. On October 18, 2019, Plaintiffs settled their claim against Defendant All Ways Transport Inc. in Alternative Dispute Resolution. *See* ADR Summary, ECF No. 98. Thus, Plaintiffs' only remaining claims are against Interstate Express Inc. Plaintiffs allege claims of gross negligence and negligent entrustment. On August 21, 2019, Defendant Interstate Express Inc. filed this Motion for Partial Summary Judgement (ECF No. 68) on no-evidence and traditional grounds regarding Plaintiff's claims of gross negligence and negligent entrustment. *See* ECF No. 72. On September 11, 2019, Plaintiff filed a response. *See* ECF No. 79. On September 25, 2019, Defendant filed a reply. *See* ECF No. 88. Plaintiffs sought and were granted leave to file supplemental evidence. *See* ECF Nos. 92 – 94. Therefore, this Motion for Partial Summary Judgment is ripe for consideration.

## II. LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any

affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor. . .unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput.*

*Corp.*, 98 F. App'x. 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

### III. ANALYSIS

After a careful review of the record, including Plaintiffs' summary judgment evidence as well as the arguments presented, the Court is not convinced that Defendant has met its burden demonstrating that there is no material issue of fact entitling them to judgment as a matter of law on Plaintiffs' claims. The case should proceed to trial.

### IV. CONCLUSION

It is therefore **ORDERED** that Defendant Interstate Express, Inc.'s Motion for Partial Summary Judgement is hereby **DENIED.**

   **SO ORDERED** on this **24th day** of **October, 2019**.

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE