# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **ALFONSO PARRA et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00268-P |
| | § | |
| **INTERSTATE EXPRESS, INC. et al.,** | § | |
| | § | |
| Defendants. | § | |

## FINAL JUDGMENT

This cause came on for final trial before a jury on August 24, 2020, through August 26, 2020. Plaintiffs Alfonso and Maria Parra and Defendant Interstate Express, Inc. appeared and announced to the Court they were ready for trial.

Due to the pandemic and the Court in keeping with the CDC guidelines to ensure social distancing, a jury of seven (7) was duly accepted, impaneled, and sworn which was agreed to by the parties. The jury returned its unanimous verdict after trial in favor of Plaintiffs Alfonso and Maria Parra and against Defendant Interstate Express, Inc., which verdict is incorporated herein.

Prior to trial, on February 23, 2016, Plaintiffs provided written notice to Defendant Interstate Express, Inc. of Plaintiffs' claims. ECF No. 218, Attach. 1. Pursuant to Tex. Fin. Code Ann. 304.101 *et. seq.*, prejudgment interest accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim. The 180th day after Defendant received notice of this

claim was August 21, 2016, which is the beginning date for accrual of prejudgment interest and ending on the day preceding the date judgment is rendered.

Prior to trial, Plaintiffs and Defendant Interstate Express, Inc. entered in stipulations which were read into the record and were made part of the evidence. ECF Nos. 171 and 204.

Prior to trial, Plaintiffs Alfonso and Maria Parra entered into a settlement with Defendant All Ways Transport, Inc. in the amount of $2,500. Defendant All Ways Transport, Inc. was dismissed with prejudice from the lawsuit. Therefore, Defendant Interstate Express, Inc. is entitled to an offset against the judgment granted herein in the amount of $2,500.00.

Prior to trial, Defendant Roy Lester Douglas had died and was dismissed from the lawsuit as a party.

Prior to and during trial, Plaintiffs Alfonso and Maria Parra and Defendant Interstate Express, Inc. stipulated that Plaintiff Alfonso Parra was entitled to a judgment against Defendant Interstate Express, Inc in the amount of $10,000 for property damage.

In accordance with the jury verdict (ECF No. 209), in total, Plaintiff Alfonso Parra is entitled to a judgment against Defendant Interstate Express, Inc. in the amount of $543,875.51, inclusive of the $10,000.00 property damage. After applying an offset for the settlement amount of $2,500.00 from Defendant All Ways Transport, Inc., Alfonso Parra is entitled to a judgment against Defendant Interstate Express, Inc. in the amount of $541,375.51. In further accordance with the jury verdict (ECF No. 209), in total, Plaintiff Maria Parra is entitled to a judgment against Defendant Interstate Express, Inc. in the

amount of $195,000.00.

**THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED** that Plaintiff Alfonso Parra is granted a judgment against Defendant Interstate Express, Inc. in the amount of $541,375.51.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Maria Parra is granted a judgment against Defendant Interstate Express, Inc. in the amount of $195,000.00.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Plaintiffs Alfonso and Maria Parra are granted judgments against Defendant Interstate Express, Inc. for prejudgment interest at a statutory rate of 5% which began to accrue on August 21, 2016.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Plaintiffs Alfonso and Maria Parra recover a judgment against Defendant Interstate Express, Inc. for court costs in the amount of $20,388.82.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Plaintiffs Alfonso and Maria Parra are granted judgments against Defendant Interstate Express, Inc. for postjudgment interest at a rate of 0.13% per annum from the date this judgment is signed until paid, with interest computed daily pursuant to 28 U.S.C. § 1961.

All relief, including all pending motions, that has not been specifically granted is hereby **DENIED.**

**IT IS ORDERED** that any party for whom judgment is awarded may enforce this

judgment through abstract, execution, and any other process necessary.

This judgment finally disposes of all parties and all claims and is immediately appealable.

**SO ORDERED** on this **9th day** of **September, 2020.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE